# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 15, 2011

Lyle W. Cayce
Clerk

No. 10-50467
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAUL ARIAS-RUBIO, also known as Raul Rubio-Arias,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-3061-1

Before HIGGINBOTHAM, GARZA, and ELROD, Circuit Judges.

PER CURIAM:[*]

Raul Arias-Rubio (Arias) appeals the 77-month sentence imposed following his guilty plea conviction for importing marijuana and possessing with intent to distribute marijuana. He argues that his sentence was greater than necessary to meet the sentencing goals in 18 U.S.C. § 3553(a), that application of the career offender enhancement overstated the seriousness of his offense, and that his background, age, medical conditions, and family responsibilities warranted a downward variance.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review Arias's challenge to the substantive reasonableness of his sentence for abuse of discretion because he preserved this issue before the district court. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360-61 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). Because the district court imposed a sentence within a properly calculated guidelines range, it is presumptively reasonable, and this court "will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005); *see Rita v. United States*, 551 U.S. 338, 346-47 (2007). Arias's assertions are insufficient to rebut the presumption of reasonableness. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Accordingly, he has not demonstrated that the district court abused its discretion by imposing a sentence at the bottom of the advisory sentencing guidelines range. The judgment of the district court is AFFIRMED.